**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LEISHER, an individual, | CASE NO. 10cv2294-WQH-POR |
| Plaintiff, | ORDER |
| vs. | |
| WACHOVIA MORTGAGE, INC., a business entity of unknown form; NDEX WEST, LLC, a business entity of unknown form; WORLD SAVINGS BANK, FSB; WELLS FARGO BANK, N.A.; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or cloud on Plaintiff's title thereto, and DOES 1 to 20, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Amended Motion to Dismiss ("Motion to Dismiss") filed by Defendants Wachovia Mortgage, Inc., World Savings Bank, FSB and Wells Fargo Bank, N.A. ("moving Defendants").  (ECF No. 5).

**I.      Background**

On October 8, 2010, Plaintiff Steven Leisher filed a Complaint in San Diego County Superior Court.  (ECF No. 1, Ex. A).

**A.      Allegations of the Complaint**

On June 22, 2007, Plaintiff refinanced a real property loan from Defendant World

Savings Bank, FSB that was secured by a deed of trust on Plaintiff's residence, located at 16186 Via Del Alba, in Rancho Santa Fe, California. On March 20, 2010, the loan was transferred to Defendant Wells Fargo Bank, N.A., "who is now the beneficial owner of said loan, which is being serviced by Defendant Wachovia." *Id.* ¶ 14. "Subsequent to refinancing, Plaintiff encountered extreme financial difficulty and hardship not of his own making, and fell behind on his payments on the ... loan." *Id.* ¶ 15. Plaintiff "enrolled in the so-called 'Mortgage Assistance Plan' offered and promoted by Wachovia to those borrowers having difficulty with their mortgage loan payments." *Id.* ¶ 16. On August 20, 2010, Plaintiff submitted to Wachovia "a 78-page submission of documents for the loan modification." *Id.* ¶ 17. On August 25, 2010, "Wachovia sent a letter to [Plaintiff] detailing the documentation they required to 'move forward with the modification process.'" *Id.* ¶ 18. Plaintiff "promptly complied with the terms of this offer letter." *Id.* ¶ 19. On August 31, 2010, "Wachovia sent a letter to [Plaintiff] stating that they had not received certain information 'needed to finalize your pending mortgage assistance loan modification' relative to the loan. This letter was received notwithstanding that Plaintiff had already submitted the requested information...." *Id.* ¶ 20. "In spite of the continued efforts by Plaintiff to comply with these multiple requests..., on ... September 29, 2010, Wachovia sent a letter to [Plaintiff] stating flatly that his modification request had been denied due to 'excessive forbearance.'" *Id.* ¶ 21. The September 29, 2010 letter states that "Plaintiff's loan 'still may be eligible for other loss mitigation options with Wachovia mortgage, such as payment plan, other in house modification programs, short sale, or deed-in-lieu of foreclosure.'" *Id.* "The apparent goodwill offered by Wachovia to Plaintiff is merely a deception and a sham, however, because Defendants Wachovia and NDEX have refused to postpone the trustee's sale of the Subject Property long enough to let Plaintiff explore these so-called other options. The sale date is set for October 13, 2010...." *Id.* ¶ 22.

The Complaint alleges the following claims: (1) injunctive relief; (2) breach of fiduciary duty; (3) fraud; (4) negligent infliction of emotional distress; (5) negligence; (6) conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (7) violation of

the federal Truth-in-Lending Act ("TILA"); (8) violation of the Real Estate Settlement Procedures Act ("RESPA"); (9) demand for an accounting; (10) rescission; (11) reformation of unconscionable contract; (12) unfair and unlawful business practice in violation of Business and Professions Code § 17200 *et seq*.; (13) breach of the covenant of good faith and fair dealing; (14) unfair debt collection practices; and (15) predatory lending practices.  Plaintiff seeks statutory, compensatory and punitive damages, injunctive relief, rescission, reformation and attorney's fees and costs.

### B.    Removal

On November 5, 2010, the moving Defendants removed this action to this Court alleging federal question and diversity jurisdiction.  (ECF No. 1).

On November 12, 2010, the moving Defendants filed the Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 5).  The moving Defendants contend that the Complaint should be dismissed with prejudice because the entire Complaint "is utterly vague and fails to allege facts stating a viable claim for relief," and some claims are time-barred and the state law claims are preempted by the federal Home Owners' Loan Act ("HOLA").  (ECF No. 5-2 at 11).

On December 3, 2010, Plaintiff filed an opposition to the Motion to Dismiss.  (ECF No. 7).  Plaintiff contends that "the pleading of the Complaint at bar is sufficient" and "[i]n the event this Court determines otherwise, leave to amend or replead is respectfully requested." *Id*. at 4.

## II.    Discussion

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to

raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### B. Federal Law Claims

#### 1. RICO

The moving Defendants contend that the RICO claim should be dismissed on the basis that it is inadequately pled.

"To state a claim under RICO, 18 U.S.C. § 1962(c), a plaintiff must demonstrate: (1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir. 1997) (citation omitted). RICO defines an "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The defendant "must be a separate and distinct entity from the 'enterprise.'" *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1396 (9th Cir. 1986). "Although the Ninth Circuit has not decided whether a parent and its subsidiary satisfies this distinctiveness requirement, other circuits have decided that these entities generally are not sufficiently distinct." *In re Countrywide Fin. Corp. Mortg. Marketing and Sales Practices Litig.*, 601 F. Supp. 2d 1201, 1213-14 (S.D. Cal. 2009) (citations omitted). "Racketeering activity is any act indictable under various provisions of 18

U.S.C. § 1961 and includes the predicate acts ... of mail fraud and wire fraud under 18 U.S.C. §§ 1341 and 1343." *Forsyth*, 114 F.3d at 1481 (citations omitted). Predicate acts of mail fraud and wire fraud must be alleged with particularity under Federal Rule of Civil Procedure 9(b). *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). "Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Id.* (citation omitted).

The Complaint alleges that "Defendants Wachovia, World Savings and Wells Fargo ... engaged in the formation and continued operation of a conspiracy with each other to obtain monies from Plaintiff and other real property owners." (ECF No. 1, Ex. A ¶ 50). The Court takes judicial notice of official records submitted by Defendants showing that at the end of 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB, and on November 1, 2009, Wells Fargo Bank, N.A. became the successor by merger to Wachovia Mortgage, FSB. (ECF No. 5-4, Exs. 1-5).[1] Because the only alleged members of the RICO enterprise are successor entities, the Complaint fails to satisfy RICO's distinctiveness requirement. Accordingly, the Complaint fails to adequately allege an enterprise.

The Complaint alleges generally that there existed a pattern of racketeering activity, including mail fraud and wire fraud. (ECF No. 1, Ex. A ¶ 55). The Complaint fails to allege facts concerning the predicate acts with the particularity required by Rule 9(b). *Cf. Lancaster Cmty. Hosp.*, 940 F.2d at 405. The RICO claim is not pled in accordance with the appropriate pleading standards.

The Motion to Dismiss the RICO claim is granted.

### 2.   TILA

The moving Defendants contend that the TILA claim should be dismissed because it is barred by the applicable statute of limitations and is not adequately pled.

The Complaint alleges that "in the course of the transaction for the loan, Defendants violated 15 U.S.C. Section 1632 by failing to properly make the required material disclosures

---

[1] The unopposed Request for Judicial Notice is granted. (ECF No. 5-4).

of the terms of said loans, including but not limited to, Annual Percentage Rate, Finance Charge, and Total Payments etc. to Plaintiff."  (ECF No. 1, Ex A ¶ 65).

There are two potential remedies to a TILA claim–damages and rescission.  *See* 15 U.S.C. §§ 1635, 1640.  The statute of limitations for a TILA damages claim is one year.  *See* 15 U.S.C. § 1640(e).  The statute of limitations for a TILA rescission claim is three years.  *See* 15 U.S.C. § 1635(f).  The period begins to run from the date the loan closed.  *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) ("the limitations period in [the TILA] runs from the date of consummation of the transaction....").  Plaintiff alleges that the loan transaction at issue closed on June 22, 2007.  (ECF No. 1, Ex. A ¶ 14).  Plaintiff filed the Complaint on October 8, 2010, more than three years after the loan closed.  The statute of limitations has run on both the TILA damages claim and the TILA rescission claim.  Plaintiff does not allege facts indicating that the doctrine of equitable tolling should suspend the TILA limitations period.  *Cf. King*, 784 F.2d at 915.  For this reason, Plaintiff's TILA claim is dismissed.

Even if the statute of limitations did not bar Plaintiff's TILA claim, the Complaint fails to allege "non-conclusory factual content" which is "plausibly suggestive of a [TILA] claim entitling the plaintiff to relief."  *Moss*, 572 F.3d at 969.  The allegations related to the TILA claim fail to satisfy the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure.  *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quoting Fed. R. Civ. P. 8(a)(2)).

The Motion to Dismiss the TILA claim is granted.

### 3.     RESPA

The moving Defendants contend that the RESPA claim should be dismissed because it is barred by the applicable statute of limitations and is not adequately pled.

The Complaint alleges:

> In the course of the transaction for the loan, Defendants violated Section 8(a) of RESPA which prohibits both the giving and acceptance of 'any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service ... shall be referred to any person' [12 U.S.C. § 2607(a)], including but not limited to, by unnecessarily driving up settlement costs, by failing to disclose business

relationships between service providers, by failing to properly follow notice of transfer provisions, by failing to properly inform Plaintiff about all closing costs.

(ECF No. 1, Ex A ¶ 73).

Violations of RESPA sections 2607 and 2608 are subject to a one-year statute of limitations. *See* 12 U.S.C. § 2614. The RESPA statute of limitations runs "from the date of the occurrence of the violation." *Id*. Plaintiff's RESPA claim appears to be based on allegations of failure to disclose during loan origination in June 2007. The Complaint fails to adequately allege that the RESPA claim was filed within the applicable statute of limitations, and the Complaint alleges no basis for equitable tolling.

Even if the statute of limitations did not bar Plaintiff's RESPA claim, the allegations related to the RESPA claim fail to satisfy the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555.

The Motion to Dismiss the RESPA claim is granted.

### 4.    Fair Debt Collection Practices Act

The moving Defendants contend that the Fair Debt Collection Practices Act ("FDCPA") claim should be dismissed because it is inadequately pled and the FDCPA excludes lenders such as the moving Defendants.

The Complaint alleges that "Wachovia ... has acted as a debt collector" and "Defendant violated ... the [FDCPA] all to Plaintiff's damage in an amount to be determined at trial." (ECF No. 1, Ex. A ¶¶ 102-03).

The allegations related to the FDCPA claim fail to satisfy the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555. In particular, the allegations of the Complaint are inadequate to show that any of the moving Defendants qualify as a "debt collector" pursuant to the FDCPA. 15 U.S.C.1962a(6); *see generally Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031-35 (9th Cir. 2009).

The Motion to Dismiss the FDCPA claim is granted.

### 5.    Predatory Lending Practices

The moving Defendants contend that the Predatory Lending Practices claim should be dismissed because it is inadequately pled.

1  The claim entitled, "Predatory Lending Practices," alleges that the moving Defendants
2  violated TILA, the Home Ownership and Equity Protection Act, and the Federal Trade
3  Commission Act, and alleges that "the specifics of [the violations] are unknown, but ... are
4  subject to discovery and with respect to which the specifics will be alleged by amendment to
5  this complaint when ascertained." (ECF No. 1, Ex. A ¶ 105).

6  The allegations of the Predatory Lending Practices claim fail to satisfy the pleading
7  standards of Rule 8(a) of the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555.

8  **C.    State Law Claims**

9  **1.    Preemption**

10  The moving Defendants contend that each of Plaintiff's state law claims should be
11  dismissed on the basis that they are preempted by HOLA, 12 U.S.C. § 1461, *et seq.* Federal
12  savings associations, including federal savings banks like Defendants World Savings Bank and
13  its successor, Wachovia, are subject to HOLA and regulated by the Office of Thrift
14  Supervision ("OTS"). *See* 12 U.S.C. § 1464; *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001,
15  1005 (9th Cir. 2008). OTS regulations "provide a list of specific types of state laws that are
16  preempted." *Silvas*, 514 F.3d at 1005 (citing 12 C.F.R. § 560.2(b)). "[T]he types of state laws
17  preempted ... include ... state laws purporting to impose requirements regarding" the following:

18  (9) Disclosure and advertising, including laws requiring specific statements,
19  information, or other content to be included in credit application forms, credit
    solicitations, billing statements, credit contracts, or other credit-related
20  documents and laws requiring creditors to supply copies of credit reports to
    borrowers or applicants;

21  (10) Processing, origination, servicing, sale or purchase of, or investment or
    participation in, mortgages.
22
23  12 C.F.R. § 560.2(b)(9)-(10).

24  As currently pled, the following state law claims are based upon Defendants'
25  disclosures and the provision of credit-related documents at the time of Plaintiff's June 22,
26  2007 loan, and/or the processing and servicing of Plaintiff's mortgage: breach of fiduciary
27  duty, fraud, negligence, rescission, reformation of unconscionable contract, violation of
    California Business & Professions Code § 17200, breach of the covenant of good faith and fair
28  dealing, and unfair debt collection practices. Each of these claims, as currently pled, are

preempted because they fall within the specific types of preempted state laws listed in §
560.2(b)(9)-(10).  *See Silvas*, 514 F.3d at 1005; *see also Gens v. Wachovia Mortg. Corp.*, 2011
WL 9121, at *9-*10  (N.D. Cal. Jan. 3, 2011)  ("Plaintiff's ... cause of action [for] breach of
implied covenant of good faith, ... for mortgage fraud, ... for violation of California Business
& Professions Code § 17200, ... for breach of fiduciary duty, [and] ... unconscionability of
mortgage loan ... are all entirely based on Defendants' disclosures and the provision of
credit-related documents with Plaintiff's original loan, and are thus preempted because they
fall within the specific type of preempted state laws listed in § 560.2(b)(9).").

Defendants move for the dismissal of each of the preempted state law claims for
additional reasons, which are discussed below.

## 2.        Breach of Fiduciary Duty

The moving Defendants contend that the claim for breach of fiduciary duty should be
dismissed because a lender does not have a fiduciary relationship with its borrowers as a matter
of law.

The Complaint alleges that "Defendants Wachovia, World Savings and Wells Fargo
entered into a fiduciary relationship with Plaintiff," and "breached their fiduciary duty to
Plaintiff by ... failing to advise Plaintiff of the imminent meltdown of Defendants'
moneymaking scam and the devastation it would cause the housing market, and in advising
Plaintiff to enter into an unconscionable loan on the false and misleading representation that
Plaintiff had the ability to repay the loan, or that the loan could be refinanced...."  (ECF No.
1, Ex A ¶¶ 27, 29).

Under California law:

> Absent special circumstances a loan transaction is at arm's length and there is
> no fiduciary relationship between the borrower and lender.  A commercial lender
> pursues its own economic interests in lending money.  A lender owes no duty
> of care to the borrowers in approving their loan.  A lender is under no duty to
> determine the borrower's ability to repay the loan.  The lender's efforts to
> determine the creditworthiness and ability to repay by a borrower are for the
> lender's protection, not the borrower's.

*Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) (quotations and citations
omitted); *see also Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96

1  (1991) ("As a general rule, a financial institution owes no duty of care to a borrower when the

2  institution's involvement in the loan transaction does not exceed the scope of its conventional

3  role as a mere lender of money.").

4      Even if Plaintiff's claim for breach of fiduciary duty was not preempted, the Complaint

5  fails to adequately allege that special circumstances existed which created an exception to the

6  general rule in California that there is no fiduciary relationship between a borrower and lender.

7      The Motion to Dismiss the claim for breach of fiduciary duty is granted.

8          **3.      Fraud**

9      The moving Defendants move for the dismissal of the claim for fraud on the basis that

10 it is inadequately pled.

11     The Complaint alleges:

12      Defendants ... knew or should have known, at the time the documents were
        prepared and tendered by Defendants for the subject loan, that it was not
13      possible for Plaintiff, based on Plaintiff's actual ability to pay, to pay the loan,
        and further that the loan was designed and intended by Defendants to survive
14      only long enough for Defendants to inject the loan into the secondary market ...,
        and that Defendants' representations both express and implied that the loan was
15      viable and that Plaintiff could in fact make the payments were false, and that the
        true facts known to Defendants were that Defendants were pulling Plaintiff into
16      a wave of bad loans created by Defendants which Defendants knew as of mid-
        2006 would build into a tsunami of impaired and defaulted mortgages
17      overwhelming Plaintiff by late 2008 and early 2009....

18 (ECF No. 1, Ex. A ¶ 33).

19     Pursuant to Federal Rule of Civil Procedure 9(b), "in alleging fraud or mistake, a party

20 must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P.

21 9(b).  Rule 9(b) does not allow a complaint to merely lump multiple defendants together but

22 "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ...

23 and inform each defendant separately of the allegations surrounding his alleged participation

24 in the fraud."  *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007).  "[T]he plaintiffs

25 must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme."  *Id.*;

26 *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) ("While

27 statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere

28 conclusory allegations of fraud are insufficient.").

Even if Plaintiff's claim for fraud was not preempted, the Complaint fails to allege the circumstances surrounding the alleged fraudulent representations with the particularity required by Rule 9(b). Plaintiff does not state the time and place the alleged misrepresentations were made, and fails to differentiate between Defendants.

The Motion to Dismiss the claim for fraud is granted.

### 4. Negligence

The moving Defendants move for the dismissal of Plaintiff's claim for negligence on the basis that they owed no duty to Plaintiff and that the claim is barred by the applicable statute of limitations.

The Complaint alleges:

> Defendants ... acting as Plaintiff's brokers and lenders, had a duty to exercise reasonable care and skill in performing their duties for the benefit of Plaintiff, their principal, in the loan transaction.... Defendants breached their duty of care and skill to Plaintiff in the loan transaction, by among other things, failing to supervise, inducing Plaintiff to improperly sign documents by means of false representation, suppressions and concealments, failure to counsel, failure to inform and explain, charging excessive, unconscionable fees, false promises of loan modification, and preparing false statements.

(ECF No. 1, Ex. A ¶ 45).

Under California law, "[t]he existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark*, 231 Cal. App. 3d at 1095 (citation omitted). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id*. at 1096 (citation omitted). "Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Id*. (quotations omitted).

Even if Plaintiff's claim for negligence was not preempted, the Complaint fails to adequately allege that any of the moving Defendants, which are lending institutions, owed a duty of care to Plaintiff, a borrower. To the extent Plaintiff is alleging that the moving Defendants breached their duties to Plaintiff at the time of the loan transaction on June 22, 2007, the claim is barred by the two-year statute of limitations applicable to negligence actions. *See* Cal. Civ. Proc. Code § 335.1; *see also Torres v. Wells Fargo Home Mortg., Inc.*, No. C-10-

4761, 2011 WL 11506, at *5 (N.D. Cal. Jan. 4, 2011).  Plaintiff has failed to adequately allege a basis for tolling of the statute of limitations.

The Motion to Dismiss the claim for negligence is granted.

### 5.     Negligent Infliction of Emotional Distress

As Plaintiff concedes in his brief, Plaintiff's claim for negligent infliction of emotional distress is based upon the same allegations as the negligence claim.  *See* ECF No. 7 at 10; *see also Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992) ("We have repeatedly recognized that the *negligent* causing of emotional distress is not an independent tort, but the tort of *negligence*.") (quotation omitted).  For the reasons stated above with respect to the negligence claim, the Motion to Dismiss the claim for negligent infliction of emotional distress is granted.

### 6.     Reformation

The moving Defendants move for the dismissal of the claim for reformation on the basis that it is inadequately pled and barred by the applicable statute of limitations.

The Complaint alleges that the moving Defendants' "actions ... are unfair, lawful and create such a one-sided agreement that it should be reformed by the court as provided under Uniform Commercial Code sections 2-302 and 2A-108 which allows a court to refuse to enforce unconscionable contracts or contract terms."  (ECF No. 1, Ex A ¶ 93).

To state a claim for reformation under California law, a plaintiff must plead that "by reason of fraud practiced by one of the parties, or of the mutual mistake of the parties or of a mistake of one of them, which the other at the time knew or suspected, there were omitted from the instrument certain material terms and conditions.  In other words, that the language of the writing failed, for some reason, to express the intention of the parties." *Pascoe v. Morrison*, 219 Cal. 54, 56 (1933); *Lane v. Davis*, 172 Cal. App. 2d 302, 309 (1959) ("A complaint for the reformation of a contract should allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement.  It is also necessary to aver facts showing how the mistake was made, whose mistake it was, and what brought it about, so that mutuality may appear.") (citation and quotations omitted).  "Basic to a cause of action for reformation is a showing of a definite intention or agreement on which

1   the minds of the parties had met which pre-existed and conflicted with the instrument in

2   question." *Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1, 21 (1989)

3   (quotation and citation omitted).

4        Even if Plaintiff's claim for reformation was not preempted, Plaintiff fails to allege the

5   terms of the actual agreement of the parties and how the contract failed to express that

6   agreement. To the extent Plaintiff attempts to state a claim for unconscionability, Plaintiff fails

7   to adequately allege facts which would state a claim for unconscionability. *See generally*

8   *Marin Storage & Trucking, Inc. v. Benco Contracting and Eng'g, Inc.*, 89 Cal. App. 4th 1042,

9   1053-56 (2001) (discussing the elements of unconscionability). To the extent the reformation

10  claim is based upon the June 22, 2007 loan transaction, the claim is barred by the three-year

11  statute of limitations applicable to reformation claims. *See Getty v. Getty*, 187 Cal. App. 3d

12  1159, 1168 (1986). Plaintiff has failed to adequately allege a basis for tolling of the statute of

13  limitations.

14       The Motion to Dismiss the claim for reformation is granted.

15                    **7.      Covenant of Good Faith and Fair Dealing**

16       The moving Defendants move for the dismissal of the claim for breach of the covenant

17  of good faith and fair dealing on the basis that it is not adequately pled.

18       The Complaint alleges that the moving Defendants "under the terms of the contract note

19  and the understanding between the parties, had a duty of good faith and fair dealing with

20  Plaintiff in the execution and carrying out of the terms and conditions of the contract.... By

21  the acts alleged herein defendants breached their duty of good faith [and] fair dealing...." (ECF

22  No. 1, Ex A ¶¶ 99-100).

23       Under California law, "[t]he covenant of good faith and fair dealing, implied by law in

24  every contract, exists merely to prevent one contracting party from unfairly frustrating the

25  other party's right to receive the *benefits of the agreement actually made*. The covenant thus

26  cannot be endowed with an existence independent of its contractual underpinnings. It cannot

27  impose substantive duties or limits on the contracting parties beyond those incorporated in the

28  specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000)

1   (quotation omitted).

2       Even if this claim was not preempted, Plaintiff fails to adequately allege facts showing

3   that any moving Defendant breached the covenant of good faith and fair dealing.  *See*

4   *Twombly*, 550 U.S. at 555.  In the opposition brief, Plaintiff contends that this claim relates to

5   Plaintiff's allegations that Wachovia failed to modify Plaintiff's loan.  (ECF No. 7 at 14-15).

6   To the extent this is the basis of Plaintiff's claim, Plaintiff fails to adequately allege that the

7   loan contract between the parties imposed a duty on Wachovia to modify the loan or limited

8   Wachovia's ability to refuse to modify the loan.  *Cf. Guz*, 24 Cal. 4th at 349-50.

9       The Motion to Dismiss the claim for breach of the covenant of good faith and fair

10  dealing is granted.

11          **8.**      **Rosenthal Fair Debt Collection Practices Act**

12      The moving Defendants move for the dismissal of the claim for violation of California's

13  Rosenthal Fair Debt Collection Practices Act ("RFDCPA") on the basis that it is inadequately

14  pled and the RFDCPA excludes lenders such as the moving Defendants.

15      The Complaint alleges that "Wachovia ... has acted as a debt collector" and "Defendant

16  violated ... the [RFDCPA] all to Plaintiff's damage in an amount to be determined at trial."

17  (ECF No. 1, Ex. A ¶¶ 102-03).

18      The allegations related to the RFDCPA claim fail to satisfy the pleading standards of

19  Rule 8(a) of the Federal Rules of Civil Procedure.  *See Twombly*, 550 U.S. at 555.  The

20  Complaint fails to identify which section of the RFDCPA Plaintiff alleges was violated.  The

21  allegations of the Complaint are inadequate to show that any of the moving Defendants qualify

22  as a "debt collector" pursuant to the RFDCPA and that any of the moving Defendants were

23  attempting to collect a debt.  Cal Civ. Code § 1788.2(c); *see also Izenberg v. ETS Servs., LLC*,

24  589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("[P]laintiffs do not allege that ETS is a debt

25  collector or that it was in fact attempting to collect a debt.  Because foreclosure does not

26  constitute debt collection under the RFDCPA, it does not appear that plaintiff can cure this

27  deficiency.").

28      The Motion to Dismiss the RFDCPA claim is granted.

1          **9.      California Business & Professions Code § 17200**

2          The moving Defendants move for the dismissal of the California Business &

3   Professions Code § 17200 claim on the basis that it is not adequately pled and seeks an

4   improper remedy.

5          The Complaint alleges that the moving Defendants committed "unlawful, deceitful and

6   unfair" actions in violation of California Business & Professions Code § 17200 by "[f]ailing

7   and refusing to continue to negotiate with Plaintiff to obtain a loan modification despite

8   Plaintiff's compliance with the terms, conditions, and requests for information," and

9   "[m]isrepresenting to Plaintiff material facts of the loan and steering [him] into a negative

10  amortization loan that was improvident for Plaintiff to enter into."  (ECF No. 1, Ex. A ¶¶ 95-

11  96).

12         Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice"

13  and "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.

14  An act is "unlawful" under section 17200 if it violates an underlying state or federal statute or

15  common law.  *See Cal- Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163,

16  180 (1999).  An act is "unfair" if the act "threatens an incipient violation of an antitrust law,

17  or violates the policy or spirit of one of those laws because its effects are comparable to or the

18  same as a violation of the law."  *Id.* at 187.  A practice is "false or misleading" if "members

19  of the public are likely to be deceived."  *See Chern v. Bank of Am.*, 15 Cal. 3d 866, 876 (1976).

20  "A plaintiff alleging unfair business practices under [§ 17200] must state with reasonable

21  particularity the facts supporting the statutory elements of the violation."  *Khoury v. Maly's

22  of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993) (citations omitted).

23         Even if Plaintiff's § 17200 claim was not preempted, the Complaint fails to "state with

24  reasonable particularity the facts supporting the statutory elements of the violation."  *Id.*; *cf.

25  Twombly*, 550 U.S. at 555.  Even if this claim was otherwise properly pled, the relief requested

26  for the § 17200 claim is "damages" and "statutory damages."  (ECF No. 1, Ex. A at 22).

27  "[T]he Legislature did not intend to authorize courts to order monetary remedies other than

28  restitution in an individual action" brought pursuant to § 17200.  *Korea Supply Co. v.*

1   *Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003).

2       The Motion to Dismiss the claim for violation of California Business & Professions

3   Code § 17200 is granted.

4             **10.**    **Accounting**

5       The moving Defendants move for the dismissal of the claim for an accounting on the

6   basis that it is not adequately pled.

7       The Complaint alleges that "[t]he true amount of money, if any, owed to defendants by

8   Plaintiff is unknown as defendants allege different figures for the payoff of the loan tha[n]

9   Plaintiff contend[s] is owed."  (ECF No. 1, Ex. A ¶ 76).  The Complaint alleges that "[w]hat

10  Plaintiff owes to the true holder of the note on the property, if anything, cannot be determined

11  without an accounting."  *Id*. ¶ 77.

12      "A cause of action for an accounting requires a showing that a relationship exists

13  between the plaintiff and defendant that requires an accounting, and that some balance is due

14  the plaintiff that can only be ascertained by an accounting."  *Teselle v. McLoughlin*, 173 Cal.

15  App. 4th 156, 179 (2009) (citations omitted).

16      Plaintiff fails to allege that "some balance is due the plaintiff." *Id*.  Plaintiff only alleges

17  that Plaintiff may owe money to Defendants.  Plaintiff fails to cite any authority that allows

18  a claim for an accounting under California law when a defendant is not alleged to owe money

19  to the plaintiff.  *See Union Bank v. Superior Court*, 31 Cal. App. 4th 573, 593-94 (1995)

20  (dismissing the accounting claims since the defendant owed no money to plaintiffs and did not

21  deprive them of any monies); *see also Hernandez v. First Am. Loanstar Trustee Servs.*, No.

22  10cv00119, 2010 WL 1445192, at *5 (S.D. Cal. Apr. 12, 2010) ("Plaintiffs, as the party owing

23  money, not the party owed money, has no right to seek an accounting."); *Mendoza v.*

24  *Countrywide Home Loans, Inc.*, No. C-09-3648, 2009 WL 4706350, at *8 (N.D. Cal. Dec. 3,

25  2009) (same).

26      The Motion to Dismiss the claim for an accounting is granted.

27            **11.**    **Injunctive Relief and Rescission**

28      The moving Defendants move for the dismissal of the claims for injunctive relief and

rescission on the basis that they are remedies and not a causes of action.

Under California law, injunctive relief "is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942) (citation omitted); *see also Vissuet v. Indymac Mortg. Servs.*, No. 09cv2321, 2010 WL 1031013, at *7 (S.D. Cal. Mar. 19, 2010) (same); *Jozinovich v. JP Morgan Chase Bank, N.A.*, No. C-09-3326, 2010 WL 234895, at *7 (N.D. Cal. Jan. 14, 2010) ("Rescission is not an independent cause of action, but rather a remedy.").

Because the Court has determined that the Motion to Dismiss must be granted as to each of Plaintiff's remaining claims against the moving Defendants, the Motion to Dismiss the claims for injunctive relief and rescission is granted.

## III.    Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED.  (ECF No. 5). The Complaint is DISMISSED without prejudice as to Defendants Wachovia Mortgage, Inc., World Savings Bank, FSB and Wells Fargo Bank, N.A.  No later than thirty (30) days from the date of this Order, Plaintiff may file a motion for leave to amend the Complaint, accompanied by a proposed first amended complaint.

DATED:  January 12, 2011

**WILLIAM Q. HAYES**
United States District Judge